# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **PARSONS XTREME GOLF, LLC**, *Plaintiff*, v. **EDEL GOLF, INC. and EDEL GOLF, LLC**, *Defendants*. | Case No.: 6:22-CV-1215<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff, Parsons Xtreme Golf, LLC ("PXG" or "Plaintiff"), complains against Defendants, Edel Golf, Inc. and Edel Golf, LLC (together "Edel Golf" or "Defendants"), and alleges as follows:

### PARTIES

1. PXG is a Delaware limited liability company with a place of business at 15475 North 84th Street, Scottsdale, Arizona 85260.

2. Upon information and belief, Defendant Edel Golf, Inc. is a Texas corporation having its principal place of business at 123 Holmes Drive, Suite 5, Liberty Hill, TX 78642.

3. Upon information and belief, Defendant Edel Golf, LLC is a Colorado limited liability company having its principal place of business at 123 Holmes Drive, Suite 5, Liberty Hill, TX 78642.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the claims in this action at least pursuant to 28 U.S.C. § 1331 (federal question) and § 1338 (patents).

1

5. Each Defendant is subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over each Defendant because each has engaged in continuous, systematic, and substantial activities within this judicial district, including the marketing and/or sales of infringing products in this judicial district. Each Defendant has its principal place of business in this judicial district and at the same address. Furthermore, this Court has personal jurisdiction over each Defendant in this case because each Defendant has committed acts giving rise to PXG's claims within and directed to this judicial district.

6. Venue is proper in this judicial district as to each Defendant under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b). Each Defendant has committed acts giving rise to PXG's claims within and directed to this judicial district and has a regular and established place of business in this district at least by way of each Defendant's location at 123 Holmes Drive, Suite 5, Liberty Hill, TX 78642.

## BACKGROUND

7. PXG was established in 2014 as a sports equipment manufacturing company that quickly developed a global presence and reputation for its design, development, marketing, and sales of premium, high quality, and innovative custom golf clubs.

8. PXG offers a full line of golf clubs including irons and wedges.

9. PXG has invested significant resources, including time and money, in the design and development of its custom golf clubs since its founding.

10. PXG's goal is to create the world's finest golf clubs.

11. PXG's focus is specifically on performance alone, irrespective of any cost and time constraints.

12. PXG believes every that PXG's innovations improve a golfer's game.

13. PXG has obtained numerous patents protecting its innovations and designs in connection with golf club technology.

14. PXG also invests significant time and money promoting and marketing its innovative golf clubs, including irons and wedges.

15. PXG designed, developed, and currently sells various golf clubs including irons and wedges.

16. PXG sells irons and wedges that are covered by one or more of PXG's patents. Some of these irons and wedges are covered by the patents asserted in this lawsuit.

17. PXG has complied with the patent marking statute, 35 U.S.C. § 287.

18. Defendants also sell golf clubs and compete with PXG.

19. One type of golf club sold by Defendants are their SMS Irons (https://edelgolf.com/collections/irons).

20. Defendants' SMS Iron set, including the advertised set of 4-9 Irons, Pitching Wedge, and Gap Wedge ("the Accused SMS Irons") (*see, e.g.*, https://edelgolf.com/collections/irons), in fact, infringe various claims of at least two PXG patents directed to golf club heads.

21. On information and belief, Defendants' Accused SMS Irons are manufactured, assembled, and/or sold to customers in the United States.

## THE ASSERTED PATENTS

22. PXG is the assignee of a number of patents relating to golf clubs and/or methods to manufacture golf clubs. The asserted patents in this lawsuit are as follows:

**U.S. Patent No. 9,421,437**

23. On August 23, 2016, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 9,421,437 ("the '437 patent"), entitled "Golf Club Heads And Methods To Manufacture Golf Club Heads." A true and correct copy of the '437 patent is attached hereto as Exhibit 1.

24. The '437 patent names Robert R. Parsons, Michael R. Nicolette, and Bradley D. Schweigert as inventors.

25. PXG is the owner by assignment of all right, title and interest in the '437 patent.

### U.S. Patent No. 9,427,634

26. On August 30, 2016, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 9,427,634 ("the '634 patent"), entitled "Golf Club Heads And Methods To Manufacture Golf Club Heads." A true and correct copy of the '634 patent is attached hereto as Exhibit 2.

27. The '634 patent names Robert R. Parsons, Michael R. Nicolette, and Bradley D. Schweigert as inventors.

28. PXG is the owner by assignment of all right, title and interest in the '634 patent.

29. Upon information and belief, Defendants have knowledge of patents related to the golf club industry in general and would be aware of the '437 patent and/or '634 patent (together "the asserted patents") as well as PXG's patent portfolio. PXG makes clear to the public that it protects its innovative designs with, amongst other intellectual property, patents.

30. Upon information and belief, Defendants also have knowledge of PXG patents through actual notice and/or publicly available notices on PXG's website and therefore would have been aware of the asserted patents. *See, e.g.*, https://www.pxg.com/en-us/legal/intellectual-property, screenshots attached as Exhibit 3.

31. At a minimum, Defendants have knowledge of the asserted patents and that Defendants' actions and/or their customers' actions infringed the asserted patents at least based on a letter sent to Defendants on October 28, 2022.

32. At least as of this date, the Accused SMS Irons were available for purchase on Defendants' website. *See, e.g.*, https://edelgolf.com/collections/irons.

## COUNT I
### (DIRECT INFRINGEMENT OF U.S. PATENT 9,421,437)

33. PXG incorporates by reference all of the preceding paragraphs as though fully set forth herein.

34. The '437 patent remains valid, enforceable, and unexpired.

35. Claim 1 of the '437 patent recites:

1. A golf club head comprising:

a plurality of weight portions made of a first material; and

a hollow body portion made of a second material, the hollow body portion having a face portion, a toe portion, a top portion, a sole portion, a back portion with a plurality of exterior weight ports along a periphery of the back portion, and an interior cavity extending between the top and sole portions and between the face and back portions, at least one exterior weight port of the plurality of exterior weight ports being connected to the interior cavity, the interior cavity being partially or entirely filled with an elastic polymer material through the at least exterior weight port,

wherein each of the plurality of exterior weight ports is associated with a port diameter and configured to receive at least one weight portion of the plurality of weight portions, and

wherein any two adjacent exterior weight ports are separated by less than the port diameter.

36. Defendants are directly infringing and/or have directly infringed the '437 patent, including, without limitation, by making, using, offering for sale, selling, and/or importing,

without license or authority, products covered by at least claim 1 of the '437 patent, including, but not limited to, the Accused SMS Irons in violation of 35 U.S.C. § 271(a).

37. As shown in Exhibit 4, the Accused SMS Irons meet each limitation of at least claim 1 of the '437 patent.

38. Defendants have knowledge of the '437 patent and their infringement of the '437 patent, or willfully blinded themselves to such knowledge. Defendants have knowledge of the '437 patent and that their actions infringed the '437 patent at least based on the letter sent to Defendants on October 28, 2022. At a minimum, Defendants were aware of the '437 patent and their infringement of the '437 patent in view of this letter.

39. Upon information and belief, Defendants have knowledge of patents related to the golf club industry in general and would be aware of the '437 Patent.

40. Upon information and belief, Defendants also have knowledge of PXG patents through publicly available notices on PXG's website and therefore would have been aware of the '437 Patent. *See, e.g.*, https://www.pxg.com/en-us/legal/intellectual-property, screenshots attached as Exhibit 3.

41. Upon information and belief, Defendants have not made any changes to the Accused SMS Irons despite their knowledge of the '437 patent.

42. Defendants knew of the '437 patent, acted despite an objectively high likelihood that their actions constituted infringement of a valid patent, knew or should have known of this likelihood, and ignored and/or disregarded that their actions constituted infringement of a valid and enforceable patent.

43. As a result, Defendants' infringement of the '437 patent is and/or has been egregious, willful, and deliberate.

44.     Defendants compete with PXG.  PXG has suffered substantial damages and will suffer severe and irreparable harm as a result of Defendants' infringement, unless that infringement is enjoined by this Court.  The threatened injury to PXG outweighs any harm that the injunction may cause to Defendants.  Injunctive relief would not disserve the public interest under these circumstances.

## COUNT II
### (INDUCED INFRINGEMENT OF U.S. PATENT 9,421,437)

45.     PXG incorporates by reference all of the preceding paragraphs as though fully set forth herein.

46.     The '437 patent remains valid, enforceable, and unexpired.

47.     With knowledge of the '437 patent, Defendants have induced and/or continue to induce infringement of at least claim 1 of the '437 patent in violation of 35 U.S.C. § 271(b) by making, offering to sell, selling, and/or importing, without license or authority, the Accused SMS Irons for use by at least Defendants' customers of the Accused SMS Irons. In light of Defendants' inducement, these customers directly infringe the '437 patent by making and/or using the Accused SMS Irons thereby reading on at least claim 1 of the '437 patent.

48.     Defendants specifically intended their customers to infringe the '437 patent and knew that their customers' acts constituted infringement, or at the very least, were willfully blind to the existence of the '437 patent and/or the fact that customers' use of the Accused SMS Irons would directly infringe the '437 patent. Despite a high likelihood that their actions would induce their customers' direct infringement of the '437 patent, Defendants marketed and sold the Accused SMS Irons to their customers for such use. These customers directly infringe the '437 patent by making and/or using the Accused SMS Irons following the instructions and directions provided by Defendants.

49.     As shown in Exhibit 4, when customers make and/or use the Accused SMS Irons as prescribed by Defendants, each limitation of at least claim 1 of the '437 Patent is met.

50.     Defendants knew that their customers' actions, when performed, would directly infringe the '437 patent. Defendants have knowledge of the '437 patent and their infringement of the '437 patent, or willfully blinded themselves to such knowledge. Defendants have knowledge of the '437 patent and that their actions infringed the '437 patent at least based on the letter sent to Defendants on October 28, 2022. At a minimum, Defendants were aware of the '437 patent and their infringement of the '437 patent in view of this letter.

51.     Upon information and belief, Defendants have knowledge of patents related to the golf club industry in general and would be aware of the '437 Patent.

52.     Upon information and belief, Defendants also have knowledge of PXG patents through publicly available notices on PXG's website and therefore would have been aware of the '437 Patent. *See, e.g.*, https://www.pxg.com/en-us/legal/intellectual-property, screenshots attached as Exhibit 3.

53.     Upon information and belief, Defendants have not made any changes to the Accused SMS Irons, or the instructions and/or directions related to the Accused SMS Irons, despite their knowledge of the '437 patent.

54.     At the very least, based on PXG's October 28, 2022 letter, Defendants' likely knowledge of PXG's patent portfolio in general, Defendants' knowledge that PXG is a direct competitor in the market regarding the Accused SMS Irons, and Defendants' information provided regarding the Accused SMS Irons that promotes direct infringement by customers and users, Defendants believed that there was a high probability that their acts, if taken, would result in direct infringement of the '437 patent by their customers, yet deliberately avoided confirming that belief.

At the very least, Defendants willfully blinded themselves to the existence of the '437 patent, and therefore willfully blinded themselves to customers' direct infringement of the '437 patent resulting from the customers' use of the Accused SMS Irons.

55. Defendants knew of the '437 patent, acted despite an objectively high likelihood that their actions constituted infringement of a valid patent, knew or should have known of this likelihood, and ignored and/or disregarded that their actions constituted infringement of a valid and enforceable patent.

56. As a result, Defendants' infringement of the '437 patent is and/or has been egregious, willful, and deliberate.

57. Defendants compete with PXG. As a result of Defendants' inducement of infringement, PXG will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages. The threatened injury to PXG outweighs any harm that the injunction may cause to Defendants. Injunctive relief would not disserve the public interest under these circumstances.

### COUNT III
### (DIRECT INFRINGEMENT OF U.S. PATENT 9,427,634)

58. PXG incorporates by reference all of the preceding paragraphs as though fully set forth herein.

59. The '634 patent remains valid, enforceable, and unexpired.

60. Claim 7 of the '634 patent recites:

7. A golf club head comprising:

a body portion having an interior cavity, a face portion, a toe portion, a top portion, a sole portion, and a back portion;

a first exterior port located along a periphery of the body portion, the first exterior port having a first port diameter;

a second exterior port located along the periphery of the body portion, the second exterior port having a second port diameter; and

a third exterior port located along the periphery of the body portion, the third exterior port having a third port diameter,

wherein the second exterior port is located between the first exterior port and the third exterior port,

wherein the first exterior port and the second exterior port are separated by a distance of less than or equal to the first port diameter or the second port diameter,

wherein the second exterior port and the third exterior port are separated by a distance of less than or equal to the second port diameter or the third port diameter, and

wherein at least one of the first exterior port, the second exterior port, or the third exterior port is connected to the interior cavity.

61. Defendants are directly infringing and/or have directly infringed the '634 patent, including, without limitation, by making, using, offering for sale, selling, and/or importing, without license or authority, products covered by at least claim 7 of the '634 patent, including, but not limited to, the Accused SMS Irons in violation of 35 U.S.C. § 271(a).

62. As shown in Exhibit 5, the Accused SMS Irons meet each limitation of at least claim 7 of the '634 patent.

63. Defendants have knowledge of the '634 patent and their infringement of the '634 patent, or willfully blinded themselves to such knowledge. Defendants have knowledge of the '634 patent and that their actions infringed the '634 patent at least based on the letter sent to Defendants on October 28, 2022. At a minimum, Defendants were aware of the '634 patent and their infringement of the '634 patent in view of this letter.

64. Upon information and belief, Defendants have knowledge of patents related to the golf club industry in general and would be aware of the '634 Patent.

65. Upon information and belief, Defendants also have knowledge of PXG patents through publicly available notices on PXG's website and therefore would have been aware of the '634 Patent. *See, e.g.*, https://www.pxg.com/en-us/legal/intellectual-property, screenshots attached as Exhibit 3.

66. Upon information and belief, Defendants have not made any changes to the Accused SMS Irons despite their knowledge of the '634 patent.

67. Defendants knew of the '634 patent, acted despite an objectively high likelihood that their actions constituted infringement of a valid patent, knew or should have known of this likelihood, and ignored and/or disregarded that their actions constituted infringement of a valid and enforceable patent.

68. As a result, Defendants' infringement of the '634 patent is and/or has been egregious, willful, and deliberate.

69. Defendants compete with PXG. PXG has suffered substantial damages and will suffer severe and irreparable harm as a result of Defendants' infringement, unless that infringement is enjoined by this Court. The threatened injury to PXG outweighs any harm that the injunction may cause to Defendants. Injunctive relief would not disserve the public interest under these circumstances.

## COUNT IV
### (INDUCED INFRINGEMENT OF U.S. PATENT 9,427,634)

70. PXG incorporates by reference all of the preceding paragraphs as though fully set forth herein.

71. The '634 patent remains valid, enforceable, and unexpired.

72. With knowledge of the '634 patent, Defendants have induced and/or continue to induce infringement of at least claim 7 of the '634 patent in violation of 35 U.S.C. § 271(b) by

making, offering to sell, selling, and/or importing, without license or authority, the Accused SMS Irons for use by at least Defendants' customers of the Accused SMS Irons. In light of Defendants' inducement, these customers directly infringe the '634 patent by making and/or using the Accused SMS Irons thereby reading on at least claim 7 of the '634 patent.

73. Defendants specifically intended their customers to infringe the '634 patent and knew that their customers' acts constituted infringement, or at the very least, were willfully blind to the existence of the '634 patent and/or the fact that customers' use of the Accused SMS Irons would directly infringe the '634 patent. Despite a high likelihood that their actions would induce their customers' direct infringement of the '634 patent, Defendants marketed and sold the Accused SMS Irons to their customers for such use. These customers directly infringe the '634 patent by making and/or using the Accused SMS Irons following the instructions and directions provided by Defendants.

74. As shown in Exhibit 5, when customers make and/or use the Accused SMS Irons as prescribed by Defendants, each limitation of at least claim 7 of the '634 Patent is met.

75. Defendants knew that their customers' actions, when performed, would directly infringe the '634 patent. Defendants have knowledge of the '634 patent and their infringement of the '634 patent, or willfully blinded themselves to such knowledge. Defendants have knowledge of the '634 patent and that their actions infringed the '634 patent at least based on the letter sent to Defendants on October 28, 2022. At a minimum, Defendants are aware of the '634 patent and their infringement of the '634 patent in view of this letter.

76. Upon information and belief, Defendants have knowledge of patents related to the golf club industry in general and would be aware of the '634 Patent.

77. Upon information and belief, Defendants also have knowledge of PXG patents through publicly available notices on PXG's website and therefore would have been aware of the '634 Patent. *See, e.g.*, https://www.pxg.com/en-us/legal/intellectual-property, screenshots attached as Exhibit 3.

78. Upon information and belief, Defendants have not made any changes to the Accused SMS Irons, or the instructions and/or directions related to the Accused SMS Irons, despite their knowledge of the '634 patent.

79. At the very least, based on PXG's October 28, 2022 letter, Defendants' likely knowledge of PXG's patent portfolio in general, Defendants' knowledge that PXG is a direct competitor in the market regarding the Accused SMS Irons, and Defendants' information provided regarding the Accused SMS Irons that promotes direct infringement by customers and users, Defendants believed that there was a high probability that their acts, if taken, would result in direct infringement of the '634 patent by their customers, yet deliberately avoided confirming that belief. At the very least, Defendants willfully blinded themselves to the existence of the '634 patent, and therefore willfully blinded themselves to customers' direct infringement of the '634 patent resulting from the customers' use of the Accused SMS Irons.

80. Defendants knew of the '634 patent, acted despite an objectively high likelihood that their actions constituted infringement of a valid patent, knew or should have known of this likelihood, and ignored and/or disregarded that their actions constituted infringement of a valid and enforceable patent.

81. As a result, Defendants' infringement of the '634 patent is and/or has been egregious, willful, and deliberate.

82. Defendants compete with PXG. As a result of Defendants' inducement of infringement, PXG will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages. The threatened injury to PXG outweighs any harm that the injunction may cause to Defendants. Injunctive relief would not disserve the public interest under these circumstances.

## PRAYER FOR RELIEF

WHEREFORE, PXG requests judgment in its favor against Defendants for the following relief:

A. A judgment in favor of PXG that Defendants have directly infringed the '437 and '634 patents in violation of 35 U.S.C. § 271(a);

B. A judgment in favor of PXG that Defendants have indirectly infringed the '437 and '634 patents in violation of 35 U.S.C. § 271(b);

C. A permanent injunction enjoining Defendants, their officers, directors, agents, servants, employees and those persons in active concert or participation with Defendants, from infringing the '437 and '634 patents in violation of 35 U.S.C. § 271;

D. An award of damages adequate to compensate PXG for Defendants' infringement, including but not limited to lost profits and/or a reasonable royalty;

E. An order adjudging Defendants to have deliberately and willfully infringed the '437 and '634 patents and trebling, or otherwise increasing, PXG's damages under 35 U.S.C. § 284;

F. A judgment in favor of PXG that this is an exceptional case;

G. An award to PXG of its attorney fees and its costs and expenses incurred in connection with this action pursuant to 35 U.S.C. § 285;

H. An award of prejudgment and post-judgment interest and costs of this action; and

I.      Such other and further relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), PXG demands a trial by jury on all issues so triable.

Respectfully submitted,

**ANDREW J. WRIGHT**
State Bar No. 24063927
**ANTHONY K. BRUSTER**
State Bar No. 24036280
**SHAWN A. LATCHFORD**
State Bar No. 24066603
**BRUSTER PLLC**
680 North Carroll Avenue, Suite 110
Southlake, Texas 76092
817.601.9564 (telephone)
817.296.2929 (facsimile)
andrew@brusterpllc.com
akbruster@brusterpllc.com
shawn@brusterpllc.com

**David L. Atallah, Esq. (Lead Counsel)**
(Michigan Bar No. P73403)
**Brian S. Tobin, Esq.**
(Michigan Bar No. P67621)
**CARLSON, GASKEY & OLDS, P.C.**
400 West Maple Road, Suite 350
Birmingham, MI 48009
Telephone: (248) 988-8360
*(Pro Hac Vice Applications Forthcoming)*

Dated: November 22, 2022