# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **PARSONS XTREME GOLF, LLC**, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> **EDEL GOLF, LLC**, a Colorado limited liability company, and **EDEL GOLF, LLC**, a Texas limited liability company, <br><br> Defendants/Counter-Plaintiffs. | Case No.: 6:22-cv-01215-AM <br><br> **JURY TRIAL DEMANDED** |

### [PROPOSED] SCHEDULING ORDER

| Proposed Deadline | Item |
|---|---|
| May 17, 2023 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date for each asserted claim and produce (1) a copy of the file history for each patent in suit, and (2) all non-privileged documents evidencing conception and reduction to practice for each claimed invention.[2] |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

[2] The Parties will be preparing a Confidentiality Agreement and Protective Order to govern discovery in the case. In the meantime, the Parties agree that for documents produced with Plaintiff's preliminary infringement contentions as well documents produced with Defendants' preliminary invalidity contentions the producing Party may designate such documents as "Highly Confidential - Outside Counsel's Eyes Only" if necessary. Such designation shall mean that only outside counsel of record in this case, and their staff, may view such documents. The content of such documents shall not be shared beyond these individuals without written permission of the producing Party.

| Proposed Deadline | Item |
|---|---|
| June 16, 2023 | Defendants serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, alone or in combination, and any basis for invalidity under 35 U.S.C §§102 or 103 (2) an identification of any limitations the Defendants contend are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendants contend are directed to ineligible subject matter under section 101. Defendants shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| June 30, 2023 | Parties exchange claim terms for construction<br><br>**Plaintiff's Position**: Each side may identify no more than 8 claim terms for construction by the Court.<br><br>**Defendants' Position**: Defendants cannot agree to limit their side to 8 terms at this time. Defendants are still reviewing Plaintiff's infringement contentions, which they received on May 17, 2023, and which included 13 patent claims (significantly more than the 2 in Plaintiff's complaint). Following their review, Defendants' counsel will confer with Plaintiff's counsel concerning whether there should be a limit to the number of claim terms each side may identify for construction by the Court and, if so, what it should be. |
| July 14, 2023 | Parties exchange proposed claim constructions. |
| July 25, 2023 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected live testimony or a copy of any declarations to be offered in support of any claim construction positions.[3] With respect to items of extrinsic evidence, the parties shall identify each such |

---

[3] Any party may utilize a rebuttal expert for live testimony and/or submit a rebuttal declaration in response to identification by the other side as long as such live testimony and/or rebuttal declaration is identified and included as part of the Joint Claim Construction Statement.

| Proposed Deadline | Item |
|---|---|
|  | item by production number or produce a copy of any such item if not previously produced. |
| August 15, 2023 | Defendants file Opening claim construction brief, including any arguments that any claim terms are indefinite.[4] |
| September 6, 2023 | Plaintiff files Responsive claim construction brief. |
| September 18, 2023 | Defendants file Reply claim construction brief.<br><br>Parties to jointly email the law clerks to confirm their *Markman* date. |
| September 29, 2023 | Plaintiff files a Sur-Reply claim construction brief. |
| October 3, 2023 | Joint Claim Construction Statement containing (1) any agreed upon constructions; (2) any remaining claim terms to be construed (including any indefiniteness positions, if necessary), along with each sides citation to any intrinsic evidence and/or extrinsic evidence that it intends to rely upon; (3) anticipated length of the claim construction hearing; (4) whether any party intends to call any witnesses, including experts; and (5) any other issues the Court should take up at the claim construction hearing. |
| At least seven days before *Markman* hearing | Parties submit optional technical tutorials to the Court and technical advisor, if any. |
| October 13, 2023 | *Markman* Hearing and technology tutorials, if any [subject to the Court's availability and preference] |
| 1 business day after *Markman* hearing | Fact Discovery Opens |
| 1 business day after *Markman* hearing | Serve Initial Disclosures pursuant to Rule 26. |
| Thirty days after the Court issues a *Markman* Order.[5] | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |

---

[4] Opening and Rebuttal Claim Construction Briefs shall be limited to 25 pages each. The Reply and Sur-Reply Claim Construction Briefs shall be 10 pages each.

[5] The Parties will submit a final schedule with specific dates in accordance with the dates specified below within seven days of the Court's *Markman* Order.

4

| Proposed Deadline | Item |
|---|---|
| 16 weeks after *Markman* hearing | Deadline to amend pleadings and add parties. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| Six Months after *Markman* hearing | Close of Fact Discovery. |
| Thirty Days after the close of Fact Discovery | Opening Expert Reports for the party with the burden of proof. |
| Thirty Days after Opening Expert Reports | Rebuttal Expert Reports. |
| Thirty Days after Rebuttal Expert Reports | Close of Expert Discovery. |
| Twenty-Eight Days after the Close of Expert Discovery | Dispositive motion deadline and *Daubert* motion deadline. |
| Twenty-One Days after the Dispositive motion deadline and *Daubert* motion deadline. | Response to dispositive motions and *Daubert* motions. |
| Fourteen Days after the Response to dispositive motions and *Daubert* motions. | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| Fourteen Days after the service of Pretrial Disclosures | Serve objections to pretrial disclosures/rebuttal disclosures. |
| Seven Days after the service of objections to pretrial disclosures/rebuttal disclosures | Serve objections to rebuttal disclosures and File Motions *in limine*.<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| Seven Days after the service of objections to rebuttal disclosures and Motions *in limine*. | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter. |

| Proposed Deadline | Item |
|---|---|
| | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| Seven Days after Deadline to meet and confer regarding remaining objections and disputes on motions in *limine* | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine* <br><br> File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| Seven Days after filing of Joint Pretrial Order and Pretrial Submissions | **Final Pretrial Conference**. [subject to the Court's availability and preference] |
| Twenty-one Days after Final Pretrial Conference, or at date TBD by the Court | **Jury Selection/Trial**. [subject to the Court's availability and preference] |
| 60 days before trial | A report on mediation in compliance with Rule CV-88 |